THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, *v.* JABEZ W. DAKE, Impleaded, etc., Appellant.

The indexing of a mortgage is no part of the record thereof, and the omission of the county clerk to index it in the proper book does not deprive the mortgagee of the right of priority given him by the recording act. (1 R. S. 755, § 1 *et seq;* 2 R. S. 286, § 61; chap. 313, Laws of 1826; chap. 199, Laws of 1843.)

From the time the mortgage is left for record it is notice to all subsequent purchasers.

(Argued December 2, 1881; decided December 15, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 14, 1878, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are set forth in the opinion.

*H. M. Dake* for appellant. Plaintiff's mortgage, although first duly recorded, was not constructive notice when left to be recorded, or any notice whatever when transcribed upon the mortgage book, it not having been noted in either index. (*Belchier* v. *Renforth,* 5 Bro., P. C. 292; Rule 22, Edmonds' Introduction to 1 R. S. [5th ed.] 16; Laws of 1843, chap. 199, § 61; *Beebe* v. *Easterbrook,* 79 N. Y. 496; *Fort* v. *Burch,* 6 Barb. 60; Story's Eq. Jur., § 399; *Purdy* v. *Huntington,* 46 Barb. 398; *Grimstone* v. *Carter,* 5 Paige, 421; Washburn on R. E. 595, § 63; 4 Greenleaf's Cruise's Dig. 452 and note; *Moore* v. *Metropolitan B'k,* 55 N. Y. 41–47, 48;

*McNeil* v. *Tenth Nat. B'k*, 46 id. 325 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30 ; *Union College* v. *Wheeler*, 62 id. 88 ; *Frost* v. *Beekman*, 1 Johns. Ch. 288 ; *Brown* v. *Dean*, 3 Wend. 208 ; *Frost* v. *Beekman*, 18 Johns. 544 ; *White* v. *Moore*, 1 Paige, 551 ; *Dey* v. *Dunham*, 2 Johns. Ch. 182 ; *St. Andrew's Church* v. *Tompkins et al.*, 7 id. 14 ; *The F. S. & T. Co.* v. *Maltby et al.*, 8 Paige's Ch. 361 ; *Warner* v. *Winslow*, 1 Sandf. Ch. 430 ; *Peck* v. *Mallams*, 10 N. Y. 525 ; *Jones* v. *McNarrin*, 68 Me. 334 ; *Gillig* v. *Maas*, 28 N. Y. 191.)

*D. C. Robinson* for respondent. The index is no part of the record of a mortgage for the purposes of notice. (*Fort* v. *Burch*, 5 Denio, 195 ; 6. Barb. 67 ; Laws of 1822, chap. 245, §§ 1–2 ; 1 R. S. 755 ; Laws of 1826, chap. 313 ; *Dodge* v. *Potter*, 18 Barb. 193 ; *Dikeman* v. *Puckleaper*, 1 Abb. [N. S.] 32 ; 1 R. S. 756, § 31 *et seq.* ; 2 id. 285, § 61 ; Laws of 1843, chap. 199, § 2 ; 1 R. S. 760, § 25 ; *Raney* v. *Weed*, 3 Sandf. 577 ; 1 Washburn on Real Property, 578 ; 1 Hilliard on Mortgages, 721 [4th ed.] ; 4 Kent's Comm. 174, marginal note 3 ; *Chatam* v. *Bradford*, 50 Ga. 327 ; *Polk* v. *Cosgrove*, 4 Bissell, 437 ; *Gilchrist* v. *Gough*, 63 Ind. 576 ; *Payne & Co.* v. *Pavey et al.*, 29 La. Ann. 116 ; *Swan* v. *Vogel*, 31 id. 38 ; 24 Minn. 222 ; *Gorham* v. *Summers*, 17 Alb. L. J. 512 ; *Green* v. *Garrington*, 16 Ohio St. 548 ; *Bd. of Comm'rs* v. *Babcock*, 5 Or. 472 ; *Schell* v. *Stein*, 76 Penn. St. 398 ; *Throckmorton* v. *Price*, 28 Texas, 605.)

EARL, J. This action is brought to foreclose a mortgage which was executed by the defendant Teeple and his wife, to the plaintiff on the 4th day of June, 1870, upon lands in Livingston county, to secure payment of the sum of $2,000, with interest.

On the 7th day of December, 1870, the plaintiff left the mortgage at the office of the clerk of Livingston county, for record, and paid the fee for recording it. On the same day the clerk duly transcribed the mortgage in full, in the proper record

book in his office, and indorsed on it his certificate in due form, and returned the mortgage, so indorsed, to the plaintiff. The clerk omitted, however, by mistake, to index the mortgage, and the plaintiff was ignorant of the omission until September, 1875, when the omission having been discovered, the mortgage was indexed by the clerk. The defendant, Jabez W. Dake, is the assignee of two mortgages executed by Teeple, on the same premises, one prior to the plaintiff's mortgage, dated April 6, 1868, for $600 and interest, given to one Nichols; the other, executed to one Balty, on the 14th of March, 1874, duly recorded and indexed on that day, and assigned by Balty to Dake, on the 10th of March, 1875. The mortgage to Balty was given to secure the payment of the sum of $1,400 loaned by Balty to Teeple at the time of the execution of the mortgage. Before making the loan, and in view of it, Balty procured from the clerk a certificate of search, as to the title to the premises, and incumbrances thereon. The certificate did not show the existence of the plaintiff's mortgage, and Balty had no actual notice or knowledge of it until after he assigned his mortgage to Dake. The assignment to Dake was for a valuable consideration, and was duly recorded on the 16th of March, 1875. Before taking it, Dake saw the certificate of search which Balty had, and also procured for himself a certificate of search from the clerk, which, as well as the one in Balty's hands, did not show the existence of the plaintiff's mortgage, and Dake had no actual notice or knowledge of such mortgage till the 6th of December, 1875. The question now to be determined is, whether the plaintiff's mortgage or the Balty mortgage shall have priority, Dake claiming that although the plaintiff's mortgage was prior in time, it lost its priority because it was not indexed.

We have carefully examined the able and exhaustive briefs submitted to us, and are satisfied that no error was committed in the court below by its holding that plaintiff's mortgage had the priority. The carefully prepared and able opinion of SMITH, J., at the Special Term, leaves but little now to be said; but as the question is claimed to be a new one in this State, we will

briefly state the reasons for our affirmance of the judgment appealed from. .

The plaintiff's mortgage, being prior in time, is entitled to priority over the Balty mortgage, unless it has lost such priority by force of the Recording Act, and a reference to it is therefore needful. It is found in chap. 3, part 2, of the Revised Statutes, which chapter is entitled, "of the proof and recording of conveyances of real estate, and the canceling of mortgages." Section 1 provides, that "Every conveyance of real estate within this State, hereafter made, shall be recorded in the office of the clerk of the county where such real estate shall be situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." The record here intended was plainly a copy of the conveyance, transcribed into the proper book of records. Section 2 provides, that "Different sets of books shall be provided, by the clerks of the several counties, for the recording of deeds and mortgages." Section 24 provides, that "Every conveyance entitled by law to be recorded shall be recorded in the order and as of the time when the same shall be delivered to the clerk for that purpose, and shall be considered as recorded from the time of such delivery." Section 25 provides, that "The recording officer shall make an entry in the record, immediately after the copy of every conveyance recorded, specifying the time of the day, month and year when the said conveyance was recorded, and shall indorse upon every conveyance recorded by him, a certificate stating the time as aforesaid, when, and the book and page where, the same was recorded;" and a later section provides that the term "conveyance" shall embrace a mortgage.

Here there is a complete system for the registry of deeds and mortgages prescribing the place and mode of registry, and not one word is said of any index to be made. It will be observed that the clerk is not required to certify, upon the conveyance recorded, that he has indexed the same, and yet if the index

was an essential part of the record, it cannot be supposed that a matter so important would have been omitted from the certificate required.

By chapter 313 of the Laws of 1826, county clerks were required to make separate indices in separate books of all deeds and mortgages recorded or registered in their respective offices, whenever directed by the Court of Common Pleas, and it was provided that they should be paid for making such indices by the board of supervisors, and that was the first act in this State, in reference to indexing deeds and mortgages. It did not provide for indexing conveyances thereafter to be recorded.

The only provision in the Revised Statutes on the subject of indexing conveyances is found in part 3, chapter 3, article 2, which article is entitled "Of the powers and duties of certain judicial officers." Section 61 of the article provides, that "It shall be the duty of the clerk of each county in the State, and of the register of the city and county of New York, to attach to every book kept in his office, in which deeds or mortgages shall be recorded, or collectors' bonds entered, an index to the matters contained in such books, arranged in alphabetical order, under the names of the several parties to such matters, with references to the pages where the same may be found, which, together with such books, shall at all proper times be open for the inspection of any person paying therefor the fees allowed by law." That section is still in force; it does not make the index a part of the record; it recognizes the record as complete without the index, and simply provides for an index to the records.

The first law requiring county clerks to make and keep books of general indices is found in chapter 199 of the Laws of 1843, section 1 of which provides, that "The clerks of the several counties in this State, and the register of the city and county of New York, in those counties in which general indices of deeds and mortgages have not been made and preserved according to the act passed April 18th, 1826, shall provide proper books for making such general indices, and shall form indices therein in such manner as to afford correct and easy reference

to the several books of record in their offices respectively. There shall be one book for deeds and another for mortgages. In each book there shall be made double entries, or two lists of names, in alphabetical order. In one shall be set the names of the grantors, or mortgagors, followed by the names of their grantees, or mortgagees; and in the other the names of the grantees, or the mortgagees, followed by the names of the grantors, or mortgagors, leaving proper blanks between each class of names for subsequent entries; and in those counties in which indices were made under the said act of April 18, 1826, and have been preserved, the several clerks shall complete the same by bringing them down to the present time; and in either case the said clerks shall keep the said indices complete by adding to the list as deeds and mortgages shall be sent in to be recorded." And section 2 provides, that "Each county clerk is hereby authorized to charge in his account against his county all necessary expenses which he may incur in the purchase of books for such indices, and at and after the rate of fifty cents for every hundred names, which he may enter in such book." The indices here provided for clearly form no part of the record, but are intended, in the language used in section 1, "to afford correct and easy reference" to the books of record; and the record is thus recognized as existing independently of the indices. It must be noticed further, that while a person who procures a conveyance to be recorded must pay the clerk his fee for recording, it is provided in section 2 that the expense of indexing is a public charge.

I have thus quoted at length the main provisions of the Recording Act, and of the acts in reference to indices, that the full force of the language used in them may be fully and easily comprehended; and thus it is plainly seen that there is nothing in them which makes the index a part of the record. It is clear that the only purpose which was intended to be served by the indices is as a guide to the records for the convenience of searchers.

That our conclusion is the correct one is made still more

manifest by section 26 of the Recording Act, which provides that the transcript of any record of a deed or mortgage, recorded as provided in the act, may be read in evidence, when certified by the clerk to be a true copy of such record. The record intended in that section is unquestionably the record made by a transcript of a conveyance in the proper book, as provided in the act, and the index is no part of such record which is required to be certified. It was never heard that a certified copy of the record of a deed or mortgage was objected to, or excluded as evidence, because a copy of the index was not included as a portion of the record; and yet if it formed an essential portion of the record, it would always have to be certified as part thereof.

There is nothing in the history of the legislation on the subject of the registration of deeds and mortgages, from the earliest time in England and in this State, which tends, in the least degree, to show that it has ever been supposed that indexing was any essential or necessary part of registration. Such legislation is ably reviewed in the opinion of SMITH, J., at Special Term, and needs no further notice here.

Whatever forms part of a perfect record, as prescribed in the act, is essential; that is, the conveyance must be recorded in the proper book, in the proper order, and with substantial accuracy. If the record be defective in any thing essential, it will not serve the purpose of giving constructive notice to subsequent *bona fide* grantees or incumbrancers.

It is claimed, on the part of the appellant, that if the index is no part of the record, it is useless, and even worse than useless, as it might operate to ensnare and mislead persons relying upon it. It is true that an index may, by mistake, be omitted; but such mistakes must rarely occur, and the legislature undoubtedly deemed it sufficient to make it part of the duty of county clerks to make the indices. It is an adequate guaranty that the indices will be sufficiently correct and reliable that county clerks are liable to be indicted if they willfully or fraudulently omit to make them correctly, and are at the same time liable in a civil action to the party injured by their omis-

sion or neglect.   The duty to make the indices is a public duty, for which the clerks are paid by the public, and for the violation of such a duty, it cannot be doubted that any one of the public specially injured has his action.

When a conveyance is delivered to the clerk the statute provides, that it shall be "considered as recorded from the time of such delivery."   After such delivery nothing more need be done to keep the record perfect, except at the proper time to record it in its proper order, in the proper book; and yet if the conveyance, in the meantime, before the record thereof, should be mislaid in the clerk's office, or lost or purloined, the record would still remain complete.   In such case there could be no index of such conveyance, because, until the time for recording it had arrived, it could not be known in what book, or in what place in any book, it would be recorded.

That the index is no part of the record, and may be omitted by the clerk without impairing the record, is the view sanctioned by the current of decisions, in the other States, and by elementary writers. In 4 Kent's Com. 174, note, it is said : "An index or alphabet of a mortgage is no part of a mortgage, and a mortgage is duly registered if no index of it is made."   In 1 Washburne on Real Property, 578, the rule is laid down as follows :   " The proposition is a general one, that an irregular registration of a deed is no notice to others of the existence of such deed ; but an omission of the register to note the time of receiving the deed for record, or to enter it in the index or alphabet, will not invalidate the effect of the registration;" and in 1 Hilliard on Mortgages, 721 [4th ed.], as follows : " The record of a mortgage is sufficient, though not mentioned in the alphabet, or index;" and also in 1 Jones on Mortgages as follows : " The index is no part of the record, and a mistake in it does not invalidate the notice afforded by a record otherwise properly made ; although the mortgage be omitted from the index it is just as much an incumbrance upon the land, and notice of it from the time it was left for record, or transcribed, affects all subsequent purchasers."

It may be that the index, both for convenience and safety,

should be made a part of the record; but until it is so made by the legislature, we can but pronounce the law as it is.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.