By the Court.—Freedman, J.
This action was brought to recover back the deposit made by the plaintiff on a contract for the purchase and sale of real estate and to recover the cost of searching the title, upon the ground that the defendant was unable to give a good title to the premises according to his contract. The only question on this appeal is whether or not the defendant was able to give a good marketable title. The plaintiff was entitled to a good marketable title within the rule laid down by the Court of Appeals in Hellreigel v. Manning, 97 N. Y. 56; The Methodist Episcopal Church Home v. Thompson, 108 Ib. 618, and Moore v. Williams, 115 Ib. 586.
It appears that one Robert H. Elton was the common source of title. He laid out a cemetery and filed a map thereof, and parts of two of the lots of said cemetery are a part of the premises the title to which is in question. These two lots Elton conveyed by warranty deeds and with reference to the map to James Stillman and James L. Parshall, and the said grantees entered into use and occupation under said deeds. The plot laid out for a cemetery was enclosed and divided into lots, and there were paths between the lots. There is, no proof that the cemetery was ever incorporated. The deeds for these two lots were left with the proper officer for record, and were recorded in a book of deeds kept in the office of the *278 proper recording officer, but they were not recorded in the book prescribed by statute for the record of deeds under the statute, but in a book entitled, “ Record of Deeds, No. 1, Rural cemeteries, Westchester county.”
Robert H. Elton died, leaving a will, which gave his executors no title to his real property, but which contained the following power, viz.: “ I authorize, empower and direct my executors hereinafter named at such time or times and in such manner and parcels as they shall deem for the best interest of my estate, to sell and convey all my real property and estate. And I also empower my said executors to carry out any and every contract which I have made for the sale of any ¡Dart or parcel of my said real property, and to execute and deliver such deed or deeds as shall be necessary and proper to convey the premises as contracted on the compliance with the terms of such contract by the party contracted with.”
On the 31st- day of December, 1874, more than 20 years after the conveyances to Stillman and Parshall above referred to, the executors of Robert H. Elton, assuming to act under the power in the will as quoted, executed a quit-claim deed, covering the premises in question, to Mary Beck, under whom the defendant claims title. It is conceded that the lots conveyed to Stillman and Parshall cover the fronts of the lots which the defendant agreed to sell to the plaintiff.
The facts being as stated, and the defendant not having established title by adverse possession in himself and his predecessors for at least 20 years, there can be no doubt of the correctness of the judgment, even if it be assumed that the deeds to Still-man and Parshall were not recorded as prescribed by statute. The power of the executors attached only to real estate of which their testator died seized. It did not attach to real estate which the testator had *279 conveyed. Stillman and Parshall having acquired title to their respective lots by warranty deeds from the testator himself, and having entered thereunder, the executors had no more right or power to sell the said lots, or any part thereof, than the testator would have had at that time, if he had lived and had undertaken to do so, for there is not a particle of evidence that the testator or the executors ever regained title or possession from Stillman' and Parshall. It is unnecessary, therefore, to determine with precision the effect to be given to the recording of the deeds to Stillman and Parshall. Attention may be called, however, to the fact that there are authorities to the effect that leaving an instrument required by law to be recorded in the proper office for record, is all that a party is bound to do, and that the failure of a public officer to perform his duty will not prejudice a "party who has complied with a statute made for his protection. The Mutual Life Ins. Co. v. Dake, 87 N. Y. 257 ; Manhattan Co. v. Laimbeer, 108 Ib. 578.
Upon the whole case it is clear that the defendant cannot give such a marketable title as the plaintiff has a right to demand.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., and McAdam, J., concurred.