GEORGE N. CROUSE AND ANOTHER, APPELLANTS, *v.* HECTOR B. JOHNSON, AS SHERIFF OF ONONDAGA COUNTY, AND ANOTHER, RESPONDENTS.

*Leaving a chattel mortgage, with the fee for filing it, in a town clerk's office when no one is present — affidavit on a confession of judgment in a Justice's Court — a constable is protected by process regular on its face — Laws of* 1833, *chapter* 279, *sec.* 2.

In an action of replevin, where the question in regard to the title to the property in question arose between the holders of a certain chattel mortgage and a sheriff and a constable, who had respectively made levies on the property, it appeared that the levies were made in the afternoon of March eleventh; that, on the morning of that day, George Barrow, the agent of the mortgagees, had gone to the town clerk's office and found it closed; that he returned in the afternoon, found it open but no one

present; that he placed the mortgage on a desk in the office with the fee for filing it, and wrote on the face of the paper: "File for George Barrow." The town clerk did not see the mortgage until March twelfth, when he filed it.

*Held,* that the mortgage was not filed until March twelfth, and that leaving it in the office, under the circumstances stated, was ineffectual as a filing on March eleventh.

Some of the judgments under which a levy was made were recovered by confession in Justice's Court, and were over fifty dollars in amount. Section 3011 of the Code of Civil Procedure requires that in such a case the affidavit accompanying the confession shall state that the confession was not "made or taken" with intent to defraud any creditor. The affidavits omitted the words "or taken."

*Held,* that, as the executions were regular on their face, the constable, as a ministerial officer, was protected.

*Semble,* that the judgments were void, except as to the person making the confession and purchasers in good faith under the judgments.

APPEAL by the plaintiffs, George N. Crouse and Robert E. Bentley, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 22d day of May, 1891, in favor of the defendant, Hector B. Johnson, as sheriff of Onondaga county, and against the plaintiffs for the possession of certain goods, with notice of an intention to bring up for review upon such appeal an order denying a motion for a new trial; and also an appeal from a judgment of the Supreme Court, entered in the same office on the 12th day of June, 1891, in favor of the defendant, Philander Wilson, against the plaintiffs for the possession of certain property, with notice of an intention to bring up for review upon the appeal an order denying a motion for a new trial.

The trial was had at the Onondaga Circuit before the court and a jury.

On the trial, at the close of the evidence, the court held that so far as the executions in the hands of the respondent Wilson, as constable, were concerned, there was but one question, and that was the amount of his special lien on the property, and that so far as the respondent Johnson, the sheriff, was concerned, that the only question was as to the value of the property taken by him. The case was thereupon submitted to the jury, who found for the defendants.

*J. E. Newell,* for the appellants.

*J. Charles Meldram,* for respondent Johnson.

*Charles R. Milford,* for respondent Wilson.

MARTIN, J.:

This action was replevin. The plaintiffs claim title to, and the right of possession of the property in question under and by virtue of a chattel mortgage executed and delivered to them by James Thurlow, Jr. The defendants claim to have a special property in the goods, and the right of possession under and by virtue of levies made thereon under executions in their hands against Thurlow. The defendant Johnson was sheriff of Onondaga county, and Wilson was a constable of the town of Skaneateles.

On March 10, 1890, to secure the payment of a debt of $400, Thurlow made and delivered to the plaintiffs a chattel mortgage on certain personal property, consisting of goods and fixtures in what was known as the brick store, and also on certain other goods and fixtures in a saloon, both of which were in the village of Mottville. At that time Thurlow resided, and the property in question was located in the town of Skaneateles. On March tenth, the plaintiffs' mortgage was sent by mail from Syracuse to George Barrow, Esq., at Skaneateles, to have it filed in the office of the town clerk of that town. It was received by Barrow in the forenoon of March eleventh. He went to the office of the town clerk at about twelve o'clock M., and about four o'clock P. M., and on both occasions found the office closed. At half-past seven o'clock P. M. he again went to the clerk's office, found it open but no one present. He then placed the plaintiffs' mortgage on a desk in the office of the clerk, with his fees for filing, and left the following memorandum on the face of the paper : " File for George Barrow."

There was no evidence that the mortgage came to the notice of the town clerk until the next morning at about eight o'clock, when he took it from his table and marked it as filed at that time. The clerk testified that he first saw the mortgage when it was filed by him.

On the eleventh day of March, at three o'clock and forty-five minutes P. M., the sheriff, under and by virtue of an execution or executions issued against Thurlow, duly levied upon the goods and fixtures in the brick store and took possession of them. On the evening of the same day Thurlow confessed judgment to three of his creditors before a justice of the peace of the town of Skaneateles, and executions were issued thereon in due form and delivered to the

defendant Wilson, who, by virtue thereof, levied upon and took possession of the goods and fixtures in the saloon.

The most important question in this case relates to the filing of the plaintiffs' chattel mortgage. That it did not, in fact, come to the hands of the clerk until after both defendants had made their levies upon the property in question is not denied. If it was not filed until the clerk actually received it and made the indorsement required, it seems to be conceded by all that the judgments appealed from were proper, unless the judgments confessed, and under which the defendant Wilson levied, were void. The latter question will be separately considered. Hence the precise question we are to consider first is, whether the attempt of the plaintiffs to have their mortgage filed amounted to a filing within the requirements of the statute. (Laws of 1833, chap. 279, § 2.)

While it has been held that it was not a sufficient filing of a chattel mortgage to deliver it to the town clerk when absent from his office, although he indorsed the same as filed when he received it (*Hathaway* v. *Howell*, 54 N. Y., 97), and that if there be no clerk, or if he be absent, the mortgage may be filed with the person in charge of the office (*Bishop* v. *Cook*, 13 Barb., 326; *Dodge* v. *Potter*, 18 id., 193), still we have been cited to no case, and have found none, that would justify us in holding that an unsuccessful attempt to file a chattel mortgage when the office was closed, or depositing a mortgage on the clerk's table in the office when no one was present, would constitute a filing within the requirements of the statute. The statute requires clerks to file all chattel mortgages that are presented to them for that purpose, and enter thereon the time of receiving the same, and to deposit them in their office for inspection. To constitute a proper filing requires the act of the clerk or some person in charge of the office. To hold that an unsuccessful attempt to enter the office, or the leaving of a paper therein, constitutes a filing is not, we think, justified by the statute. A chattel mortgage is filed within the meaning of the statute when it is delivered to, received and kept by the proper officer, or some one in charge of the office, for the purpose of the notice the statute intended should be given. (7 Am. and Eng. Encyc. of Law, 961; *Appleton Mill Co.* v. *Warder*, 42 Minn., 117.) We think the court properly

held that the plaintiffs' mortgage was not filed until received by the clerk.

This leads us to the consideration of the question of the validity of the judgments confessed, and, if invalid, whether such invalidity affects the parties to this action. The Code of Civil Procedure (§ 3011), provides, that where a judgment, confessed before a justice of the peace, is for a sum exceeding fifty dollars, the confession must be accompanied with an affidavit of the defendant and plaintiff that the defendant is honestly and justly indebted to the plaintiff in the sum specified therein over and above all just demands which the defendant has against the plaintiff, and that the confession is not made *or taken* with intent to defraud any creditor. The affidavits accompanying the confessions involved in this case all omitted the words " or taken," so that the affidavits were simply that the confessions were not made with intent to defraud. We are disposed to think the omission may be fatal to the validity of the judgments confessed, except as against a purchaser, in good faith, of property thereunder, and the defendant making the confession. (Code, § 3012.)

Assuming that the judgments confessed were invalid, except as to the defendant and purchasers in good faith, the question as to the effect of such invalidity upon the rights of the parties to this action becomes important. It must be remembered that the defendant Wilson, who alone is affected by this question, was a constable, and had levied upon, and then held possession of the goods taken by him under and by virtue of executions issued by the justice, which were in all respects regular upon their face.

To sustain his right of possession to the goods taken by him, the defendant Wilson invokes the rule that ministerial officers are protected in the execution of process regular upon its face, issued by a court or officer having general jurisdiction of the subject-matter, or jurisdiction to issue it under special circumstances, although, in fact, jurisdiction of the person or subject-matter did not exist. (*Woolsey* v. *Morris*, 96 N. Y., 311, 315; *Bodine* v. *Thurwachter*, 34 Hun, 6; *Livingston* v. *Miller*, 48 id., 232.)

The foregoing rule seems to be well settled in this State, and is, we think, applicable to this case. Hence it follows that the defendant Wilson was entitled to the possession of the property in question

as against the plaintiffs, and the court properly disposed of the case at the trial.

If these views are correct, the judgments and order appealed from should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgments and order affirmed, with costs.