(44 Misc. Rep. 370.)

## REID v. TOWN OF LONG LAKE.

(Supreme Court, Trial Term, Fulton County.   July, 1904.)

1. LEASE—RECORD—NOTICE.

> Under Laws 1896, p. 615, c. 547, § 266, where a duly acknowledged lease is delivered to the proper county officer for record it is notice to everybody of the existence of the lease, and on foreclosure under a mortgage subsequently given a bona fide purchaser takes subject to the lease, and is chargeable with the knowledge of its existence, though as a matter of fact the clerk failed to record it.

Action by Walter Reid against the town of Long Lake.   Judgment for defendant.

James R. Van Ness (Henry F. Miller, of counsel), for plaintiff.

Andrew H. Cunningham (Andrew J. Nellis, of counsel), for defendant.

JOHN M. KELLOGG, J.   The plaintiff seeks to have it determined that the defendant has no interest in the Sagamore Hotel property at Long Lake.   When the old hotel was burned the town authorities contributed $12,000 in town bonds toward the rebuilding of the hotel, under the agreement that a certain room in the hotel should be used by the town perpetually as a town hall, and in the building of the hotel a suitable room in the basement was provided for that purpose, and has since been used by the town.   The agreement or lease between the owner and the town as to this town hall room was in writing, and duly acknowledged, and was delivered by the supervisor of the town to the county clerk to be recorded.   Before the completion of the hotel the owner became embarrassed, and it was necessary to raise an additional loan, and he agreed with one of the residents of the town to pay him $300 if he would obtain the necessary loan.   By collusion between this party and the county clerk the said lease and agreement was removed from the county clerk's office, and the county clerk immediately certified that the title to the property was good, and the loan was obtained upon mortgage, and the plaintiff derives title from the purchaser on the foreclosure sale under that mortgage.   The plaintiff paid a full and fair consideration, and he had no actual notice of the lease and the rights of the town, unless the fact of the election booths, the guard rail, and the large wooden tables being in this room, in which was no other property at that time, was such a possession by the town of the room as would imply notice to him, and prevent his being a purchaser in good faith.   The room had no connection with the other part of the hotel by doors or otherwise, and could only be entered from the outside.   The same was also true of the barroom and café immediately adjoining it.

This lease or agreement was in law recorded when it was delivered to the county clerk for that purpose.   Manhattan Co. v. Laimbeer, 108 N. Y. 578, 15 N. E. 712.   A neglect by him to perform his official duties, or his corruptly abstracting the paper from the files and records

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 79; Records, vol. 42, Cent. Dig. § 5.

of the office, does not render it an unrecorded instrument. Real Prop. Law (Laws 1896, p. 615, c. 547) § 266. It is true that, after an instrument is recorded, it is the record, and not the original instrument, which is notice to subsequent purchasers or incumbrancers, as was held in Frost v. Beekman, 1 Johns. Ch. 288, where a mortgage for $3,000, recorded as for $300, was held to be notice only of the $300 mortgage. The record in the county clerk's book is the record contemplated by the statute; but the provision cited makes the instrument itself, after delivery to the county clerk, notice in the same way as though it was written into or recorded in the books. After the instrument is recorded in the books, the record is notice to everybody— to the mortgagee or lessee the same as to others—and therefore the decision of Frost v. Beekman does not change the effect of the delivery of the instrument before record, before it is in fact recorded in the books, as is pointed out by Peckham, J., in Manhattan Co. v. Laimbeer, 108 N. Y. 591, 15 N. E. 712. It is sufficient for Frost v. Beekman to say that the instrument delivered to the clerk is in law a record and notice of just what the instrument is until it is in fact written into and recorded in the books, and then the record itself, and not the instrument, furnishes the notice contemplated by the statute. That case and similar cases have no effect here, for this instrument was never written into the books, and the statute declares that it is deemed recorded from the time it is delivered to the clerk. So that clearly the instrument was recorded when delivered. No fraudulent or wrongful act of the clerk could take it from the record and cause it to be an unrecorded instrument. His mistake in recording might affect the rights of the lessee, but the record as made would be notice to the lessee as to others, and he cannot complain that he has not examined the record of his own conveyance. But here the only record is the paper itself left with the clerk, and its removal or destruction cannot render it an unrecorded instrument any more than would be the case if the county clerk's office were burned or a record book stolen from the files. In the case of limited partnerships the statute is even more peremptory in terms that the partners must record both the certificate and affidavit, but the courts hold that a delivery to the clerk for record is a recording, and that the failure to record even for years does not render it an instrument not of record, as was held in the Laimbeer Case above. The cases cited as to the effect of the erroneous or incorrect recording are not authorities upon this question, but the language of the statute seems to control the situation here. The town had done all that it was required to do to duly record this instrument. It is therefore entitled to all of the protection which the recording act affords to a recorded instrument, and the plaintiff purchased subject to the rights of the town, and is chargeable with knowledge of the lease which the town had caused to be duly recorded.

The objection that the town had no power to contribute $12,000 toward building the hotel and accept this lease for it is answered by the fact that the town did it, and the recorded lease was notice of the fact, and the plaintiff cannot confiscate the defendant's property rights under the name of ultra vires. If the lease had not been recorded, and the defendant was relying solely upon the presence of the guard rail and

booths and wooden tables as notice to the purchaser of its rights, then the fact that its claimed rights were such that it had not power to acquire might be material as bearing upon the question whether the plaintiff had notice of the defendant's rights. These things might not indicate to a reasonably prudent man that the town had such unexpected rights in the room. He might infer they were there by permission of the owner simply.

The plaintiff contends that there is no evidence to show who delivered this paper to the county clerk, or for what purpose it was there delivered, or that any fee was paid for recording it. It is probable that, the paper being one which might legally be recorded, and being found at the clerk's office, the only place at which it could be recorded, a fair inference arises that it was left thereby or for the owner for the purpose of being recorded. But this is not left solely to inference. While the defendant was not at liberty to show the conversation between the county clerk and the party abstracting the paper for the purpose of establishing the purposes for which the paper was left with the county clerk, upon cross-examination the plaintiff drew out of the party who abstracted the paper that at the time he took it the county clerk told him that the paper had been left there by the supervisor to be recorded, but that he did not know in what book to record it, and wished some one would take it away. After drawing out this evidence, the plaintiff is not in a position to insist that there is no evidence in the case tending to show for what purpose the paper was left with the county clerk. The defendant is entitled to judgment for a dismissal of the complaint, with costs.

Judgment for defendant, dismissing complaint, with costs.