In the Matter of **MUTUAL BOARD AND PACKAGING CORP., Bankrupt.**
**EX-CELLO CORP., Appellant,**

v.

**The ONEIDA NATIONAL BANK AND TRUST COMPANY OF CENTRAL NEW YORK, Appellee.**

**No. 279, Docket 29279.**

United States Court of Appeals
Second Circuit.

Argued Jan. 7, 1965.

Decided March 11, 1965.

Petition for Rehearing in Banc Denied, April 7, 1965.

Francisco Penberthy, Penberthy & DeIorio, Utica, N. Y., for appellant.

Joseph J. Cardamone, Jr., Ferris Hughes, Dorrance & Groben, Utica, N. Y., for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

The appellant Ex-Cello Corporation brought a reclamation proceeding in the bankruptcy court for the recovery of the sum of $15,296.37 which constituted the proceeds of a sale, pursuant to order of the court, of a Staude window patch gluing machine, with attachments, originally sold by appellant to the bankrupt on a conditional sales contract. The appellee bank asserted its right to the same sum under a chattel mortgage on the same machine. The referee and district court were asked to determine which of these secured creditors had prior claim to the proceeds of the sale of the machine. The referee and district court held for the bank. We set aside that judgment and remand the case to the district court.

It is uncontroverted that the bank's chattel mortgage, which included the machine in its list of secured property, was filed on June 25, 1962, in the office of the county clerk of Oneida County. A search of the files of the county clerk at the time of this filing revealed no indication of any prior encumbrance on the machine. The files contained no record of Ex-Cello's conditional sales contract because that contract was not accepted by the clerk for filing, recording and indexing until four days later, June 29, 1962. Ex-Cello's claim depends on its contention that its earlier attempt to file must be held for purposes of priority to have been equivalent to an actual filing, although the county clerk wrongfully refused to accept the contract for filing.

The evidence before the referee shows that by letter from Detroit, Michigan, dated June 12, Ex-Cello inquired of the county clerk about filing procedures. This letter was returned with an undated endorsement informing Ex-Cello that the fee for filing a conditional sales contract was fifty cents and that a conditional sales contract for property in Utica, New York, should be filed with the Oneida county clerk. This endorsement was identified by the deputy county clerk at the trial as having been typed in the clerk's office. Ex-Cello sent the contract and a check for fifty cents with a covering letter dated in Detroit on June 20, requesting evidence of filing. Again the clerk's office returned the letter to Ex-Cello in Detroit with the two enclosures and the following undated endorsement:

"Miles H. Knowles/nt

"We are returning the contract for a notarial certificate from the County Clerk of the County of Wayne to be attached to the last sheet of the contract. This will have to be taken care of before it can be filed in this office.

FRANK R. SENIOR
Oneida County Clerk" [1]

The deputy county clerk testified that it was normal office procedure not to time-stamp any correspondence that was not accepted for filing, but that this letter must have been received on or about June 21. He based his testimony on the date of the June 20 letter from Ex-Cello. The notarial certificate requested was dated June 27 in Detroit and the clerk's office time-stamped the contract for filing on June 29, 10:09 A. M.

The referee and the district court considered it unnecessary to determine when the letter dated June 20 was received by the county clerk because they held that, since the bank's instrument was accepted for filing before Ex-Cello's, the bank had priority. This holding was based on an erroneous view of the governing New York law and must therefore be reversed.

Section 65 of the New York Personal Property Law [2] provides:

"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale."

Section 70 prescribes the method of "Filing, entering [or recording] and indexing" conditional sales contracts. It reads: "The filing officer shall mark upon the contract or copy thereof filed with him the date and hour of its filing and shall file such contracts or copy thereof in his office for public inspection."

Under these statutes the inquiry is as to what constitutes "filing." In the light of the extensive body of relevant law on analogous New York filing statutes, we hold that presentation of a conditional sales contract together with the required filing fee constitutes filing for

1. The assumption was made and not disputed by the bank that the contract and filing fee were in proper form and that the county clerk's demand for a notarial certificate was improper under the relevant New York statutes. Apparently, there is no requirement that the contract or copy required to be filed contain a signature, acknowledgment, or attestation of any kind, let alone a notarial certificate. See 3 Jones, Chattel Mortgages and Conditional Sales § 1063 (6th ed. 1933). N.Y. Personal Property Law, McKinney's Consol.Laws, c. 41, § 64-a requires that non-commercial conditional sales contracts for the sale of goods under $3000 in value be signed by the buyer and this is obviously not applicable here. Other than this provision, the statute is silent as to any form of acknowledgment by the parties. See N.Y. U.C.C. c. 38, § 9-402, N.Y. Annotations 1, 3, and 4, 62½ (Pt. 3) McKinney's Consol.Laws of N.Y. Annot., p. 568 (1964).

It seems probable that the Oneida county clerk's office was erroneously applying the formal requirements for the recording of real property conveyances which must be "duly acknowledged by the person executing the same * * * and such acknowledgment * * * duly certified when required by this chapter." N.Y. Real Property Law, McKinney's Consol.Laws, c. 50, § 291. Section 299 thereof permits acknowledgment before an out-of-state notary public and § 311, subd. 2 requires that the notary's certificate be authenticated by certain public officers of the other state.

2. These sections of the Personal Property Law (and those of the Lien Law referred to hereafter) were superseded by the Uniform Commercial Code which took effect on September 27, 1964, after the relevant dates of this case. The applicable provisions of these Laws, though now repealed, will be referred to in this opinion as if they were still in effect, as indeed they were at the time involved.

the purpose of establishing priority over a chattel mortgage filed thereafter.

The statutes governing the filing of trust receipts, N.Y. Personal Property Law, § 58-e(4), chattel mortgages, N.Y. Lien Law, McKinney's Consol.Laws, c. 33, § 230-c(4), and real property conveyances and mortgages, N.Y. Real Property Law, § 317, provide expressly that presentation for filing together with the filing fee constitutes filing.[3]

The cases supporting the rule that presentation of the contract together with the fee constitutes filing involve for the most part the issue of who should bear the burden of improper indexing on the part of county clerks. See, e. g., Mutual Life Ins. Co. v. Dake, 87 N.Y. 257, 263–264 (1881). As is indicated above, New York Personal Property Law, § 70, supra, lists three steps for completing the recordation of such contracts: (1) filing, (2) entering, and (3) indexing. A mistake by the county clerk or his deputy in any one of these three steps may mislead a searcher of the record to his prejudice. Mistakes by the clerks in indexing, e. g., Mutual Life Ins. Co. v. Dake, supra, or recording, Reid v. Town of Long Lake, 44 Misc. 370, 89 N.Y.S. 993 (Sup.Ct. 1904), Pacific Finance Corp. v. Traffic Tire & Rubber Co., 171 Misc. 1034, 14 N.Y.S.2d 613 (N.Y.City Ct.), aff'd per curiam, 14 N.Y.S.2d 614 (App.Term, 1st Dep't 1939), O'Neill v. Lola Realty Corp., 264 App.Div. 60, 63, 34 N.Y.S.2d 449, 451 (2d Dep't 1942) (dictum), have been held not to invalidate the filing party's security interest. See In re Labb, 42 F.Supp. 542 (W.D.N.Y.1941).[4]

The New York case which most closely resembles our case is New York County Nat'l Bank v. Wood, 169 App.Div. 817, 153 N.Y.S. 860 (1st Dep't 1915), aff'd mem. sub nom. New York County Nat'l Bank v. Peckworth, 222 N.Y. 662, 119 N.E. 1062 (1918). There the clerk improperly refused to file an assignment and returned the document to the person attempting to file it. Presentation to the clerk, even though he refused to accept the document, was held to constitute a filing as of the time of first receipt.

Two New York cases are cited as holding that delays in receipt or filing by the clerk are matters for which the person seeking to file is responsible. Security Discount Associates, Inc. v. Lynmar Homes Corp., 13 A.D.2d 389, 216 N.Y.S. 2d 543 (2d Dep't 1961); Crouse v. Johnson, 65 Hun 337, 20 N.Y.S. 177, leave to appeal denied, 66 Hun 631, 22 N.Y.S. 1114 (4th Dep't 1892). These cases are not sufficiently close to the present case to materially weaken Ex-Cello's claim. In Crouse v. Johnson, 65 Hun at 340, 20 N.Y.S. 177, the mortgagee left his papers at an empty office, and the clerk did not file until he arrived the following morning, by which time the sheriff had executed levy on the goods. In Security Discounts the suit was between a person whose mortgage was received by the county clerk in the 9 A. M. mail, but was date-stamped 10:47 A.M., and a person whose mortgage was personally delivered and date-stamped 9:05 A.M. The court held in favor of the filing by personal delivery since the exact time of the clerk's inspection of the mailed document was in doubt.

There is no inequity in the result reached under New York law. If one balances interests between a creditor who does his best to file and is prevented by the clerk from doing so, and another who

---

3. See also N.Y.U.C.C. § 9-403(1) and N.Y. Annotation (1), 62½ (Pt. 3) McKinney's Consol.Laws of N.Y. p. 575 (1964); Fields Motor Co. v. Sturgill, 279 Ky. 47, 129 S.W.2d 1003, 1004–1005 (1939); 4 Collier, Bankruptcy ¶70.81 [5], at 1644 (14th ed. 1962); 3 Jones, Chattel Mortgages and Conditional Sales § 1066, at 137 (6th ed. 1933 & 1956 Supp. § 1065, at 69); 6 Powell, Real Property ¶918, at 294 (1958).

4. In re Labb was cited with apparent approval by this court in Empire State Chair Co. v. Beldock, 2 Cir., 140 F.2d 587, 588 n. 3, cert. denied, 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587 (1944), and Constance v. Harvey, 2 Cir., 215 F. 2d 571, 573 (1954), cert. denied, 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716 (1955) (dictum).

does his best to search and is prevented by the clerk from finding what he is looking for, the loss may well be held to fall on the second creditor rather than the first because of the first creditor's priority of effort.

 We conclude, therefore, that if Ex-Cello's letter of June 20 containing the conditional sales contract and the filing fee was received by the county clerk before receipt of the bank's chattel mortgage, Ex-Cello's lien has priority over that of the bank. Since there is no finding on this issue, the judgment must be vacated and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.