**In re Steve MASTERS, Debtor.**

**James C. Luker, Trustee, Plaintiff,**

**v.**

**United States of America, Department of Agriculture, Farm Service Agency, Defendants.**

**Bankruptcy No. 00-20359M.**
**Adversary No. 01-2008.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Jan. 22, 2002.

Clarence Phil Shoffner, Searcy, AR, for Debtor.

James C. Luker, Wynne, AR, trustee.

## ORDER GRANTING FARM SERVICE AGENCY'S MOTION FOR SUMMARY JUDGMENT

JAMES G. MIXON, Chief Judge.

The duly appointed trustee in this chapter 7 case, James C. Luker ("Trustee"), filed a complaint on July 27, 2001, to avoid liens held by the defendant, Farm Service Agency ("FSA"). FSA answered the complaint and subsequently filed a motion for summary judgment on September 13, 2001. The Trustee responded to the motion on November 5, 2001. On November 27, 2001, the Court conducted a hearing on the motion, and the matter was taken under advisement.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K)(1994). The following shall constitute findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

Federal Rule of Bankruptcy Procedure 7056 states that Federal Rule of Civil Procedure 56 applies in adversary proceedings. This rule provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56.

In order to prevail, the movant bears the burden of establishing that there is no issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this case, there is no genuine issue as to the material facts necessary to determine whether the Trustee is entitled to avoid FSA's lien. The facts have been submitted to the Court by the joint stipulations of the parties, the pleadings, and motion for summary judgment with attached exhibits and affidavit of Harry W. Pace of FSA.

Because there is no dispute as to material fact, the following relevant facts are established:

Prior to the filing of his bankruptcy petition, Steve Masters was the maker of two promissory notes dated April 19, 1999, and payable to FSA in the principal sums of $6670.00 and $175,000.00. To secure the indebtedness, Steve and Mary Ann Masters (who is not a co-debtor in this bankruptcy) executed and delivered to FSA a security agreement. UCC financing statements proper in form and description were properly filed with the Office of the Circuit Clerk in Woodruff and Jackson Counties in Arkansas. FSA had a perfected security interest in various types of collateral, including farm and other equipment, as reflected on the financing statements. The financing statement filed in Woodruff County was recorded as instrument number 99–346 on April 19, 1999.

On June 13, 2000, FSA executed a subordination of its lien in the Masters' property in favor of Merchants and Planters Bank of Newport. On September 22, 2000, Merchants and Planters Bank of Newport recorded the subordination agreement in the office of the Circuit Clerk of Woodruff County, Arkansas. On the same day, the Circuit Clerk erroneously terminated FSA's financing statement without authorization from FSA. FSA had no knowledge of the termination.

Steve Masters (hereinafter referred to as "Debtor") initially filed a chapter 13 bankruptcy petition on September 13, 2000. The Debtor subsequently converted his case to chapter 7 on April 3, 2001, and

the Trustee was duly appointed to administer the case. On May 7, 2001, the Trustee conducted a UCC lien search in the Office of the Circuit Clerk of Woodruff County, Arkansas. The search disclosed no outstanding perfected lien in favor of FSA.

After the bankruptcy filing and the Trustee's lien search, FSA learned of the unauthorized termination of its financing statement. FSA subsequently delivered a conformed copy of its original financing statement to the Circuit Clerk of Woodruff County where it was re-recorded showing the file date to be April 19, 1999.

The farm equipment and vehicles in which FSA claims a lien were sold by the Trustee pursuant to order of the bankruptcy court on July 12, 2001. The unpaid principal balances and accrued interest owed by the Debtor on the two promissory notes to FSA exceeded the sale proceeds. From the proceeds of the sale, the Trustee has paid the costs of sale and disbursed to Merchants and Planters Bank of Newport the sum necessary to satisfy and extinguish its first lien in the proceeds. The Trustee retains the remaining amount of $41,453.09 on deposit.

The remainder is subject to the estate's claim for administrative expenses and the claim of Union Planters Bank for $14,000.00 to satisfy its first liens in a 1994 Ford 9000 tractor-truck and a 1988 CPS hopper-bottom grain trailer that were sold by the Trustee.

In its Memorandum in Support of Motion for Summary Judgment, FSA argues that it is entitled to summary judgment because Arkansas law on secured transactions provides that a secured party does not bear the risk of error by the filing officer. In his response to the motion for summary judgment and supporting memorandum, the Trustee contends that he is entitled to judgment as a matter of law.

The Trustee argues that FSA became unperfected when the Circuit Clerk of Woodruff County terminated its financing statement and that the Trustee is therefore entitled to avoid FSA's unperfected security interests pursuant to 11 U.S.C. § 544 (1994).

In bankruptcy, the validity, nature and effect of liens are issues governed by the law of the state where the property is situated. *In re STN Enter., Inc.*, 45 B.R. 959, 962 (Bankr.D.Vt.1985) (citations omitted). Thus, to determine whether, based on the established facts, either party is entitled to judgment as a matter of law, the Court must apply Arkansas law.

The applicable state law on secured transactions provides that "[p]resentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this chapter." Ark.Code Ann. § 4–9–403(1) (Michie Supp.1999). The parties have identified no controlling precedent by either the Arkansas Supreme Court or the Eighth Circuit Court of Appeals that interprets this particular code section in relation to clerical mistake.

However, this section mirrors section 9–403(1) of the Uniform Commercial Code. As to the effect of this provision, the drafters have officially commented that "under § 9–403(1) (A.C.A § 4–9–403(1)) the secured party does not bear the risk that the filing officer will not properly perform his duties: under that section the secured party has complied with the filing requirements when he presents his financing statement for filing and the filing fee has been tendered or the statement accepted by the filing officer." Uniform Commercial Code § 9–407 cmt. (1) (1972). The Arkansas Supreme Court has previously relied on Official Comments to Article 9 of the Uniform Commercial Code as persua-

sive authority, and the Court believes the court would do so in this case. *See, e.g., Herringer v. Mercantile Bank of Jonesboro,* 315 Ark. 218, 226, 866 S.W.2d 390, 394 (1993) (citing official comments to UCC Article 9 enacted as Ark.Code Ann. § 4-9-204).

Moreover, a leading treatise on the Uniform Commercial Code is also persuasive on the issue of whether a secured party becomes unsecured as a result of error by the filing officer. The treatise states, "The cases are clear that a mistake by a clerk (reversing debtor and creditor for example) does not affect the perfection of the creditor's security interest where the financing statement presented was proper even though no notice is given to subsequent searchers." 4 James J. White & Robert S. Summers, Uniform Commercial Code § 31-17, at 196 (4th ed.1995).

Numerous cases from other circuits interpreting section 9-403(1) have held that various types of mistakes by filing officers do not affect the perfected status of a creditor who presented a proper financing statement for filing. *Multi-Mart Branch Office, First State Bank v. Appliance Buyers Credit Corp. (In re Bufkin Bros.),* 757 F.2d 1573, 1579 (5th Cir.1985) (stating that presentment of valid continuation statement continued perfection despite filing clerk's return of statement based on erroneous conclusion that statement was invalid); *Brushwood v. Citizens Bank of Perry (In re Glasco, Inc.),* 642 F.2d 793, 796 (5th Cir. April 1981) (commenting that bank would have had a perfected security interest unavoidable by bankruptcy trustee even if the Secretary of State had breached a duty to cross-index); *In re Callahan Motors, Inc.,* 538 F.2d 76, 80 (3d Cir.1976) (ruling that where filing officer destroyed expired financing statement and premature continuation statement without notice to creditor, creditor would be allowed to reclaim collateral from debtor); *In re Royal Electrotype Corp.,* 485 F.2d 394, 396 (3d Cir.1973) (holding that creditor properly filed its security interest in collateral despite filing officer's error in reversing positions of creditor and debtor in index); *Bartolan, Inc., v. Columbian Peanut Co.,* 727 F.Supp. 1444, 1446 (M.D.Ga.1989) (finding that creditor retained perfected security interest in crops despite the fact that clerk failed to properly record financing statements in deeds and mortgage index).

Similarly, when interpreting section 9-403(1), bankruptcy courts have consistently held the view that clerical mistake does not destroy perfected status and priority. See, for example, *Graphics Plus Associates v. United States Small Bus. Admin.,* 94 B.R. 68, 71 (Bankr.W.D.Pa.1988) (ruling that state and county filing officers' improper rejection of financing statement and continuation forms did not nullify creditor's perfection and priority over subsequent creditors); *Greeman Motors, Inc. v. United New Mexico Bank at Mimbres Valley (In re Greeman Motors, Inc.),* 48 B.R. 611, 613 (Bankr.D.N.M.1985) (holding that creditor retained perfected status despite the fact that clerk improperly filed security agreement in the real property records; thus debtor-in-possession could not avoid lien); *In re Air Vermont, Inc.,* 40 B.R. 323, 334 (Bankr.D.Vt.1984) (finding that filing clerk's failure to attach exhibit describing collateral to financing statement was not fatal to perfection), *aff'd,* 45 B.R. 817 (D.Vt.1984); *First Nat'l Bank of Sullivan Co. v. Mann (In re Tri-Cities Music Ctrs., Inc.),* 1977 WL 25599 (E.D.Tenn. July 27, 1977) (stating that first creditor to file its security interest retained its priority over subsequent creditor even though filing officer neglected to notify inquiring subsequent creditor of first creditor's lien).

In the instant case, it is not disputed that FSA complied with the code requirements for filing and perfection. FSA presented for filing a proper financing statement and it was accepted by the clerk. Having done so, FSA does not now have to bear the consequences of clerical error by losing its perfection and priority. FSA's perfection of its security interest remained in place even after its financing statement was erroneously terminated by the filing officer.

The Trustee argues that finding in his favor would be more equitable because FSA has other remedies to recover its loss as compared to the bankruptcy estate, which would have no standing to seek relief against any other entity or person. However, this Court agrees with the reasoning of the Second Circuit Court of Appeals when the court decided under pre-UCC law on chattel mortgages that a creditor who complies with filing requirements should not be held accountable for errors by the filing officer. *See Ex–Cello Corp. v. Oneida Nat'l Bank & Trust Co. of Cent. New York (In re Mut. Bd., & Packaging Corp)*, 342 F.2d 294 (2d Cir.1965). In that case, the court stated that "If one balances interests between a creditor who does his best to file and is prevented by the clerk from doing so, and another who does his best to search and is prevented by the clerk from finding what he is looking for, the loss may well be held to fall on the second creditor rather than the first because of the first creditor's priority of effort." *Ex–Cello Corp.*, 342 F.2d at 297–98.

Therefore, the Court finding that there is no genuine issue of material fact, FSA is entitled to judgment as a matter of law that FSA held a perfected security interest in farm equipment and vehicles sold by the Trustee and that its lien attached to the sale proceeds now in possession of the Trustee. The Court retains jurisdiction over the proceeds of the sale to the extent necessary to determine proper apportionment of sale and administrative expenses to the various lien holders.

IT IS SO ORDERED.