**Alvin A. ADAMS and Gloria C. Adams, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. 76 Civ. 1333.**

United States District Court, S. D. New York.

May 26, 1976.

Dreyer & Traub, New York City, for plaintiffs; Joel B. Diamond, Samuel Kirschenbaum, Richard Abelson, New York City, of counsel.

Robert B. Fiske, Jr., U.S. Atty., Southern District of New York, New York City, for defendant; William R. Bronner, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs Alvin A. Adams and Gloria C. Adams, as owners of the premises at 40 John Alden Road, New Rochelle, County of Westchester, New York (the "premises"), instituted this action in New York Supreme Court, Westchester County, pursuant to Article 15 of the New York Real Property Actions and Proceedings Law (McKinney Supp. 1975) and 28 U.S.C. § 2410, seeking judgment enjoining the defendant United States from seizing the premises; declaring that plaintiffs are the lawful owners "vested with an absolute and unincumbered [sic] title in fee"; and awarding allowances, costs and disbursements to plaintiffs. On or about March 10, 1976, plaintiffs served the United States with an order requiring it to show cause why a preliminary injunction should not issue and temporarily staying it from seizing the premises. On March 19, 1976, the United States removed the action to this Court. 28 U.S.C. § 1444. On March 29, 1976, the United States noticed a motion for summary judgment dismissing the complaint. On April 12, 1976 after oral argument on both motions, the Court denied plaintiffs' motion for preliminary injunction on the parties' stipulation that the United States would not seize the premises pending disposition of this motion for summary judgment.

On February 28, 1975, plaintiffs purchased the premises, the home in which they now reside, from Olivette Severino by deed recorded in the Westchester County Clerk's Office on March 4, 1975. On June 14, 1974, prior to plaintiffs' purchase, U.S. LIFE Title Insurance Company of New York conducted a title search of the premises of behalf of plaintiffs and examined the Federal tax lien index ("Index") in the Westchester County Clerk's Office (the place designated by statute for filing notices of federal tax liens on real property located in Westchester County (N.Y. Lien Law § 240(1) (McKinney Supp. 1975)). The title search revealed that one John A. Severino owned the premises until May 17,

1963 when he conveyed title to his wife, Virginia Severino, who conveyed title to Olivette Severino sometime after August 20, 1973. The title search also revealed that seven notices of federal tax liens ("Notices") had been recorded on the Index between July 19, 1965 and August 20, 1973 against John Severino for non-payment of federal taxes. No Notices were recorded under the name of Virginia Severino. As Virginia, not John, was the record owner of the premises at the time the Notices against John were recorded by the County Clerk, the United States did not acquire a lien on the premises as a result of these seven Notices. Accordingly, on February 28, 1975, a title insurance policy was issued to plaintiffs by U.S.LIFE Title Insurance Company of New York.

It seems, however, that the County Clerk erroneously failed to record on the Index four other Notices of federal tax liens which the Internal Revenue Service of the United States ("IRS") filed against Virginia Severino between December 2, 1968 and September 23, 1970 and refiled on September 26, 1974, for non-payment of taxes. There is no dispute that these four Notices were properly presented to the County Clerk's office since copies were returned to the IRS bearing the County Clerk's stamp indicating the date and time each was received.

On or about June 9, 1975, U.S.LIFE Title Insurance Company of New York, as agent for plaintiffs, was served with a notice of levy on the premises in favor of the United States, as authorized by 26 U.S.C. § 6331. After unsuccessful conferences with the IRS, plaintiffs instituted this action.

Defendant moves for summary judgment dismissing the complaint on the ground that the Notices against Virginia Severino which it presented to the County Clerk in 1968, 1969 and 1970 create a property interest in the premises superior to plaintiffs' interest obtained by their purchase of the premises on February 28, 1975.

There is no dispute that, prior to plaintiffs' purchase, the United States filed the Notices; that the County Clerk failed to record them in the Index; that the United States was unaware of this, having received receipted copies of its Notices; and that plaintiffs had no knowledge of the Notices at the time of their purchase of the premises.

The sole issue presented is the priority between the interests of the parties where the County Clerk failed to record the Notices in the Index. There appear to be no genuine questions of material fact.

The Internal Revenue Code ("Code") sets forth the circumstances under which a federal tax lien may arise:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321

As against purchasers of the property subject to a federal tax lien, the Code provides in section 6323 that:

"(a) . . . The lien imposed by section 6321 shall not be valid as against any purchaser . . . until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.

\* \* \* \* \* \*

"(f) Place for filing notice; form.—

"(1) Place for filing.—The notice referred to in subsection (a) shall be filed—

"(A) Under State Laws.—

"(i) Real property.—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated. . . ."

\* \* \* \* \* \*

"(3) Form.—The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary or his delegate. Such notice shall be valid

notwithstanding any other provision of law regarding the form or content of a notice of lien."

As to the definition of "filing", the Code simply provides:

"(5) Tax lien filing.—The term 'tax lien filing' means the filing of notice (referred to in subsection (a)) of the lien imposed by section 6321." § 6323(h)(5).

By statute in New York, the place of filing notices of federal tax liens is designated as the County Clerk's Office in the county in which the real property is situated. N.Y. Lien Law § 240(1) (McKinney Supp. 1975). The New York Lien Law also provides for the creation of a "Federal tax lien index" in each county, and

"[w]hen a notice of any such tax lien is presented to [a County Clerk] for filing, he shall endorse thereon . . . the date, hour and minute of its receipt, file it in numerical order and shall enter it alphabetically in the federal tax lien index. . . ." N.Y. Lien Law § 241(2) (McKinney Supp. 1975).

The New York Lien Law contains no definition of "filing."

The creation, form and priority of federal tax liens are matters to be determined by federal law. *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *United States v. Security Trust & Savings Bank,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); *Bethlehem Steel Corp. v. Foley,* 399 F.2d 314, 316 (2d Cir. 1968). *See* 26 U.S.C. § 6323.

Plaintiffs contend that recordation, here, in the Index, not mere presentation to and receipt by the County Clerk, is necessary to create a valid tax lien, and that § 6323 was intended to abrogate the pre-existing doctrine of *United States v. Snyder,* 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705 (1893), that the United States' interest in property by virtue of an unrecorded or "secret" tax lien was superior to a subsequent purchaser's interest. *See United States v. Gilbert Associates, Inc.,* 345 U.S. 361, 363–64, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); 3 U.S.Code Cong.

& Admin.News, 89th Cong., 2d Sess. (1966), at p. 3732 (S. Rep. No. 1708).

While there is some merit to plaintiffs' contention, the plain wording of the Code, § 6323, cannot be ignored; Congress used the term "filed" and not "recorded". Also, the duties of indexing federal tax liens after they are presented and marked "received" are imposed by the New York statute upon the County Clerk and are independent of the Code's requirements imposed upon the United States regarding the creation and perfection of the tax liens themselves. There is strong public policy in favor of uniform application and interpretation of the federal tax laws (*see United States v. Equitable Life Assurance Society,* 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966); *United States v. Gilbert Associates, Inc., supra* 345 U.S. at 364, 73 S.Ct. 701; *United States v. Kings County Iron Works,* 224 F.2d 232 (2d Cir. 1955)) and state statutory provisions are to be incorporated into the Code only when so provided by Congress. *See* 26 U.S.C. § 6323(f) (place of filing). *Cf. Aquilino v. United States, supra; United States v. Herman,* 310 F.2d 846 (2d Cir. 1962). In this case, after delivery of the Notices to the County Clerk and receipt of the copies bearing the Clerk's "received" stamp, there was nothing further the United States could reasonably be expected to have done. Accordingly, the United States complied with the requirements of § 6323(f) and thus is entitled to priority over subsequent purchasers such as plaintiffs.

While no cases directly on point have been found by the Court or parties, several cases suggest that the United States' interest be given priority over plaintiffs' because the nonrecordation occurred through no fault of the United States which had filed the Notices prior to plaintiffs' purchase of the premises. *See United States v. Estate of Donnelly,* 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970); *Mutual Board & Packaging Corp. v. Oneida National Bank & Trust Co.,* 342 F.2d 294 (2d Cir. 1965). *Compare United States v. Ruby Luggage*

*Corp.,* 142 F.Supp. 701 (S.D.N.Y.1954). *See also United States v. Pioneer American Insurance Co.,* 374 U.S. 84, 87, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963) ("first in time is the first in right"). As stated by the Second Circuit in a case involving competing security interests:

> "There is no inequity in the result reached under New York law. If one balances interests between a creditor who does his best to file and is prevented by the clerk from doing so, and another who does his best to search and is prevented by the clerk from finding what he is looking for, the loss may well be held to fall on the second creditor rather than the first because of the first creditor's priority of effort." *Mutual Board & Packaging Corp. v. Oneida National Bank & Trust Co., supra* at 297–98.

Moreover, several New York statutes define "filing" to mean the presentation for filing and the payment of the filing fee, if any. *See United States v. Lebanon Woolen Mills Corp.,* 241 F.Supp. 393, 398 (D.N.H.1964); N.Y. Lien Law, § 230–c(4) (McKinney 1966); N.Y. Real Prop. Law, § 317 (McKinney 1968); N.Y. UCC § 9–403(1) (McKinney Supp. 1975).

Accordingly, the United States' motion for summary judgment is granted and the complaint is dismissed. However, it is hoped that the U.S.LIFE Title Insurance Company of New York and the United States can resolve this dispute so as not to interfere with the Adams' occupancy of the premises.

It is so ordered.