**DIMMITT & OWENS FINANCIAL, INC., Plaintiff,**

v.

**UNIQUE INDUSTRIES, INC., Allen Speciality Company, Dudley Olsen, and United States of America, Defendants.**

**No. 79 C 4804.**

United States District Court, N.D. Illinois E.D.

July 7, 1983.

---

Howard J. DePree, Bates, DePree, Bard & Wilson, Chicago, Ill., Hugh L. Fisher, Fisher, Gerhardt, Crampton & Groh, Birmingham, Mich., for plaintiff.

Allen R. Mass, Trial Atty., Tax Div. Dept. of Justice, Terri E. Schapiro, Dept. of Justice, Washington, D.C., for defendants.

## DECISION

McMILLEN, District Judge.

Both parties have filed motions for summary judgment in this case, plaintiff seeking to set aside and enjoin the enforcement of a tax levy against Unique Industries, Inc. and defendant United States of America as counterplaintiff seeking to enforce its tax levy by foreclosing its liens against defendant Unique Industries, Inc. We find and conclude that Unique's principal executive office was located in Illinois which requires that defendant's motion for summary judgment should be granted.

The controversy arose in the following manner. Internal Revenue Service filed tax liens in DuPage County, Illinois against Unique Industries beginning July 10, 1979. Unique Industries' total tax indebtedness reached $152,726.20 plus statutory penalties and interest, which is the amount of its counterclaim. Plaintiff began buying Unique Industries' accounts receivable on June 18, 1979, and obtained a total of $723,-166.90 in collections. Plaintiff was served with a notice of levy by I.R.S. on November 9, 1979, and had acquired the accounts receivable prior to that time. However, it had constructive notice of the government's liens which had been filed with the Recorder of Deeds of DuPage County on July 10, 1979.

The applicable statute, 26 U.S.C. § 6323(f), protects a commercial financing transaction such as the plaintiff had with Unique Industries in this case up to the 46th day after the tax lien has been filed. The forty-sixth day after July 10, 1979, is August 25, 1979, and plaintiff collected approximately $400,000 of Unique Industries' accounts receivables after that date. Therefore, if the tax liens were properly filed, the counterclaim of the Internal Revenue Service becomes valid and enforceable up to $400,000.

Subparagraph (f) of § 6323 provides in pertinent part as follows:

(f) *Place for filing notice; form.—*

(1) *Place for filing.—*The notice referred to in subsection (a) shall be filed—

(A) *Under State laws.—*

.    .    .    .    .

(ii) *Personal property.—*In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of

such State, in which the property subject to the lien is situated ...

(2) *Situs of property subject to lien.*—For purposes of paragraph (1), property shall be deemed to be situated—

.        .        .        .    '    .

(B) *Personal property.*—In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be *the place at which the principal executive office of the business is located.* [Emphasis added.]

■ Plaintiff argues, first, that its contract with Unique Industries predated any tax lien filed by I.R.S. and that it had no actual knowledge of the one filed in Du-Page County on July 10, 1979, or any other subsequent lien filed by the federal government. However, actual notice or knowledge of a tax lien is not required under § 6323. Plaintiff had forty-five days to discover the lien, which is a reasonable period of grace for a factoring corporation to protect itself. If a lien is properly filed in accordance with the laws of the State of Illinois, as was done in the case at bar, then all parties, at least in this state, have constructive notice of the lien. Although plaintiff claims that notices of liens subsequently filed in California were not in accordance with the laws of that State, this contention becomes irrelevant if the principal executive office of Unique Industries was in Illinois. Indeed, the government does not contend that liens were properly filed in California.

■ It should be noted that the phrase "principal executive office" was enacted into § 6323 on July 25, 1958, modifying the phrase "residence of the taxpayer." The case relied upon by plaintiff, *United States v. Jane B. Corp.*, 167 F.Supp. 352 (D.Mass. 1958), was decided under the old language of § 6323 which is no longer applicable. It thus becomes a question of the meaning of the phrase "principal executive office," and

this is generally understood to mean "the head office, the place where the principal officers generally transact business, and the place to which reports are made and from which orders emanate." *Alabama v. T.V.A.*, 636 F.2d 1061, 1065–66 (5th Cir. 1981).

■ Counterplaintiff has shown the following factors without genuine dispute, to establish that the principal executive office of Unique Industries is in Illinois: Unique Industries was incorporated in Illinois on December 29, 1978, and the Articles of Incorporation give Unique's address as "350 Randy Road, Carol Stream, DuPage County, Illinois." Plaintiff's own ledger lists Unique's address as "350 Randy Road, Carol Stream, Illinois" or "P.O. Box 1054, Wheaton, Illinois." Plaintiff's written agreement for factoring Unique's accounts receivable bears the latter's Carol Stream address. Unique Industries' stationary bears the Illinois address, and plaintiff sent all of its correspondence with Unique to that address. The financial statements which were filed by plaintiff in Illinois and in California shows Unique's address to be in Illinois. The report to the I.R.S. on the financial condition of Unique, prepared by The Phoenix Company of Garden Grove, California, gives Unique's address in Carol Stream. Unique gave this address when it filed tax returns with the I.R.S. and defendant United States relied upon this representation when deciding where to serve notice of the tax liens. Unique maintains financial records, purchase orders, bank statements, accounts payable ledgers, customers' orders, payroll account, and other records in Illinois. Its president, Dudley A. Olsen, its secretary/treasurer Deborah K. Olsen, and its secretary, Mrs. Dudley Olsen all maintained their offices and records in Carol Stream along with three other clerical employees. The minute book was kept there and "Virtually all corporate decisions were finalized in Illinois." (Declaration of Dudley A. Olsen, dated January 15, 1983). This included computerized cost data upon which price quotations were based.

Plaintiff's affidavit points out, without genuine dispute, that Unique's principal manufacturing facility was in Culver City, California, that most of its employees worked there, and that Mr. Olsen spends a considerable amount of time there. Also Unique's accountants were in Los Angeles as were most of its customers and several of its bank accounts. Apparently the accountants had either temporary custody or copies of Unique's business records in California because they performed the audits for two years prior to Unique's bankruptcy. The bankruptcy petition was filed in California by an Illinois attorney.

Mr. Olsen in his affidavit concedes that he spent a considerable proportion of each week living in an efficiency apartment near the factory in California for purposes of overseeing the manufacturing operation but that he maintained his "permanent residence" in Illinois with his wife and intended to control the activities of all manufacturing from one central location in Carol Stream, Illinois. The offices there occupy 7,500 square feet, considerably smaller than the factory in California, but certainly adequate to house a principal executive office.

Therefore, the undisputed evidence is that Unique Industries Inc.'s principal executive office was in Carol Stream, Illinois, and that its principal executive officers managed the business out of that office. Mr. Olsen planned to have several manufacturing operations, but adverse business conditions limited the company to one facility in California where its retail sales operations likewise were located. It is not unusual for a corporation to have its principal manufacturing operations in a different location from its principal executive office, but the location of the latter is controlling under § 6323(f).

Even the plaintiff treated Unique Industries as a corporation whose financial management and communications were located in Illinois. It would do violence to the clear language of the statute to hold that Unique's principal *executive* office was located in the factory or the small apartment,

or even in the accountant's office or a combination of all of them, in California. Unfortunately for plaintiff, this just was not the fact, and there is no genuine issue to the contrary. Therefore, we find and conclude that the federal tax liens filed in DuPage County, Illinois on July 10, 1979, and thereafter were effective against the plaintiff beginning August 25, 1979. Judgment is entered in favor of the counterplaintiff United States and against the counterdefendant Dimmitt & Owens Financial, Inc., and the plaintiff's motion for summary judgment is denied.

Defendant/counterplaintiff may serve and file a judgment order in accordance with this decision within two weeks (14 days) hereof.