**In re Robert SUTTON, Debtor.**

**No. 03–30348.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 19, 2003.

Robert Dale Sutton, Monclova, OH, Gary E. Horn, Toledo, OH, for Debtor.

Patricia A. Kovacs, Toledo, OH, for Trustee.

Gregory D. Swope, Canton, OH, for Henry Larocca.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Debtor's Motion to Avoid Lien, and the objection thereto filed by the lienholder, Henry LaRocca. The lien at issue, which arose on January 29, 2001, is in the amount of $20,400.00, and encumbers the Debtor's residence. (Doc No. 13). The statutory basis for the Debtor's Motion is 11 U.S.C. § 522(f)(1)(A) which, among other things, permits a debtor to avoid a judicial lien to the extent that the lien prevents a debtor from taking full advantage of an otherwise valid exemption.

### DISCUSSION

It is the general rule that exemptions only apply to a debtor's equity in the property to be exempt. *In re Shrum,* 98 B.R. 995, 1002 (Bankr.W.D.Okla.1989). However, § 522(f)(1), in an effort to further the fresh-start policy of the Bankruptcy Code, operates in contravention to this rule by providing, in relevant part:

... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien ... [.]

As it pertains to the applicability of this section, the sole point of contention between the Parties is whether, based upon the amount of equity in the Debtor's residence, there exists any "impairment" of the Debtor's exemption within the meaning of the statute.

In calculating whether a lien "impairs" an exemption, § 522(f) employs a strict statutory formula, stating:

(2)(A) ... a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

For purposes of applying this formula to this case, a formal appraisal submitted by Mr. LaRocca, which will be accepted over a lesser unsupported figure put forth by the Debtor, shows that the Debtor's residence is worth $200,000.00. As for the other figures required under the § 522(a)(2)(A) analysis, they are not in dispute. First, the Debtor is entitled to claim

an exemption of $5,000.00 in his residence pursuant to O.R.C. § 2329.66(A)(1)(b). Second, with respect to the other encumbrances, Mr. LaRocca's judgment lien is junior to other third-party interests held against the Debtor's property: (1) a first and second mortgage, respectively recorded in 1994 and 1998, totaling $97,862.70; and (2) a tax lien in favor of the State of Ohio, recorded in 1999, in the amount of $30,949.55. Thus, based upon the above figures, together with the $20,400.00 value attached to Mr. LaRocca's judgment lien, there clearly exists no impairment of the Debtor's exemption pursuant to the formula set forth in § 522(f)(2)(A). In exact terms, the above formula yields an equity cushion of $45,787.75, thus leaving no excess that may be avoided.[1]

The Debtor, however, asserts that the Court should also factor into the "impairment" analysis of § 522(f)(2)(A) certain federal tax obligations. Specifically, the following unpaid employment taxes assessed against a corporation by the name "Berning Sutton & Associates Inc.," in which the Debtor was a principal officer:

| Date of Assessment | Date filed with Recorder's Office | Tax Owed |
| --- | --- | --- |
| 12/18/2000 | 4/05/2001 | $50,656.10 |
| 2/26/2001 | 5/18/2001 | $26,048.55 |
| 3/26/2001 | 5/18/2001 | $ 3,090.31 |
| 3/26/2001 | 5/18/2001 | $93,466.07 [2] |

According to the Debtor, if the above tax deficiencies are factored into the "impairment" equation of § 522(f)(2)(A), Mr. LaRocca's judgment lien will become completely impaired—i.e., entirely unse-

---

1. Application of formula: $20,400.00 (amount of the lien), plus $128,812.25 (amount of all other liens on the property), plus $5,000.00 (amount of Debtor's exemption), equals $154,212.25. Amount is $45,787.75 less than the $200,000.00 value of the Debtor's residence.

2. One additional assessment made on March 29, 1999, and filed on May 18, 2001, was noted on the Notice of Federal Tax Liens presented to the Court. However, for this assessment, no tax was shown as due and owing. Consequently, this assessment, having presumably been satisfied, will be discounted.

**572**

cured—thereby subjecting the lien to complete avoidance under § 522(f)(1).

■ For purposes of determining "impairment" under § 522(f), liens are ranked in their order of priority. *In re Porter*, 112 B.R. 979, 985 (Bankr.W.D.Mo.1990); *In re Spearman*, 124 B.R. 620, 622–23 (E.D.N.Y.1991). Thus, in light of the already stated $45,787.75 equity cushion that exists in the Debtor's residence, the Debtor's argument will only have merit if it is found that the IRS maintains, vis-a-vis Mr. LaRocca's judgment lien, a superior lien interest in the Debtor's property.

■ The relevant priority of federal tax liens is a matter of federal law which, as a general rule, utilizes the common law concept of "the first in time is the first in right." *United States v. Equitable Life Assurance Society of the United States*, 384 U.S. 323, 330, 86 S.Ct. 1561, 1565, 16 L.Ed.2d 593 (1966); *United States v. McDermott*, 507 U.S. 447, 449 113 S.Ct. 1526, 1528, 123 L.Ed.2d 128 (1993). For this purpose, federal law provides that a tax lien arises immediately upon the assessment of the tax at which time the lien is deemed to attach to all present and future property rights, whether real or personal, belonging to the delinquent taxpayer. 26 U.S.C. § 6322; *United States v. Dishman Ind. Oil*, 46 F.3d 523, 525 (6th Cir.1995). Furthermore, this lien is considered perfected at the time of assessment, and continues until the tax obligation is satisfied or until the statute of limitations on collection has expired. *Id.; Bavely v. Internal Revenue Serv. (In re Terwilliger's Catering Plus, Inc.)*, 911 F.2d 1168, 1175 (6th Cir.1990) (declaring "federal tax lien need not be filed to gain priority over other interests; it is perfect-

ed at the time the lien is assessed"). *United States v. McDermott*, 507 U.S. 447, 449, 113 S.Ct. 1526, 1528, 123 L.Ed.2d 128 (1993). Thus, liens obtained by parties after the assessment of a federal tax are, in the absence of authority to the contrary, subordinated to the tax lien arising from the assessment. *Id.*

In applying this legal framework, the facts clearly show that one of the liens held by the IRS arose before January 29, 2001, the date on which Mr. LaRocca obtained his judgment lien; to wit: the lien arising from the assessment made by the IRS on December 18, 2000. As a result, based upon the application of the tenet "first in time is the first in right," this lien—but not the other liens arising from the assessments made by the IRS in February and March of 2001—is superior in right to the judgment lien held by Mr. LaRocca. In turn, the superiority of this tax lien, being $50,656.10 in amount, is sufficient to cause Mr. LaRocca's judgment lien to become entirely unsecured, thereby subjecting it to complete avoidance under § 522(f)(1).

Under 26 U.S.C. § 6323(a),[3] however, certain classes of creditors are protected from the "first in time is the first in right" priority scheme. Among the classes of creditors protected by this provision are persons, such as Mr. LaRocca, who hold judgment liens against the taxpayer's property. In this regard, a "judgment lien creditor," for purposes of § 6323(a), has been broadly defined so as to include any creditor whose lien arose from a court of competent jurisdiction and whose lien is also choate; that is the identity of the lienor, the property subject to the lien, and the amount of the lien are certain. *Ca-*

---

**3.** This section provides, "[t]he lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor un-til notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."

*puano v. United States,* 955 F.2d 1427, 1432 (11th Cir.1992).

▮▮▮▮ For creditors, such as Mr. La-Rocca, who fall within the protection of § 6323(a), their interest in the taxpayer's property will take priority over a federal tax lien if, at the time their interest arose, the IRS had not provided adequate notice of its interest. *See, e.g., U.S. v. Taylor,* 338 F.3d 947, 950 (8th Cir.2003). Although notice, in this regard, may simply be constructive, as opposed to actual,[4] an obvious impediment exists in finding that notice was properly given in this case: Mr. La-Rocca's judgment lien was filed against the Debtor in his personal capacity, while the entity against whom the IRS filed its tax liens was not actually the Debtor, but was instead the Debtor's corporation. As it concerns this impediment, the Court recognizes that the Debtor may have personal liability on the tax debt of his Corporation.[5] However, it does not necessarily follow that the Debtor's potential personal liability on the corporate tax obligations would also provide constructive notice as to the existence of a lien against his personal assets. Instead, the law, and common sense, dictates that providing notice of a tax lien against a business entity will not generally suffice so as to perfect a lien against the personal assets of a principal from that business. *See, generally Hudgins v. IRS (In re Hudgins),* 967 F.2d 973 (4th Cir.1992) (generally liens operate only against the person named therein).

▮▮▮ Nevertheless, this rule is not absolute, and as the Debtor argues, when the name of the corporation and the principal of the corporation are sufficiently similar so as to provide reasonable notice as to the potential existence of a lien against the entity not specifically name in the lien, constructive notice as to the non-named individual will still exist for purposes of § 6323(a). *American Sur. Co. v. Sundberg,* 58 Wash.2d 337, 343, 363 P.2d 99, 103 (1961) ("notice of the United States liens, using the name of the partnership (Oscar Sundberg and Sons) was notice not only to anyone dealing with Oscar Sundberg, but also to those dealing with [the sons] Carl and Thor Sundberg or their property, as mortgagee, pledgee, purchaser, or encumbrancer."). *Compare, Robby's Pancake House of Florida, Inc. v. Walker (In re Robby's Pancake House of Florida, Inc.),* 24 B.R. 989 (Bankr.E.D.Tenn.1982) (notice indexed only under partnership name, not sufficient to perfect a lien against the property of an individual partner as the partnership's name was not sufficiently similar to the name of the individual partners so that a reasonable search would have disclosed the notice.).

▮▮▮ In determining whether constructive notice exists, the key question to ask is whether a federal tax lien filed against a business entity would put a reasonable searcher on notice that a principal from the business entity was also liable for the tax liability giving rise to the corporate tax lien. *In re Hudgins,* 967 F.2d 973, 976 (4th Cir.1992). In this regard, it is the Debtor's position that a tax lien filed under the name of his corporation, "Berning Sutton & Associate Inc." would put a third party on sufficient notice that a tax lien also existed against him in his personal capacity. After considering the matter, however, the Court must disagree.

---

4. *See, e.g., Dimmitt & Owens Fin. Inc. v. Unique Indust., Inc.,* 589 F.Supp. 14 (N.D.Ill. 1983), *aff'd* 787 F.2d 1186 (7th Cir.1986).

5. Section 6672(a) of the Internal Revenue Code imposes personal liability on persons, such as corporate officers, who fail to remit employment taxes when under a duty to do so.

To begin with, the only common thread between the Debtor and his Corporation is the name "Sutton." Beyond this, however, the name of the Debtor and the Corporation are entirely different. Most noticeable, the names of the Debtor and his Corporation, besides beginning with a different letter, have entirely different first names. This is significant because in Ohio, federal tax liens are indexed alphabetically. O.R.C. § 317.09(A). Thus, a person searching the record under the name of "Sutton" would be unlikely to inquire into businesses which, although containing the name "Sutton," began with the word "Berning."

Additionally, considering that "Sutton" is not an unusual name, a person searching the corporate name of "Berning Sutton & Associate Inc." would be unlikely to discern any correlation to the Debtor, Robert Dale Sutton. This difference becomes of even more significance when it is considered that the name of the Debtor's Corporation—"Berning Sutton & Associates Inc."—is clearly that of a business entity, and not simply an individual, thus giving even less of an indication as to the Debtor's relationship with the Company.

However, even if, for argumentative sake, constructive notice existed in this case, none of the tax liens held by the IRS would actually take priority over the judgment lien held by Mr. LaRocca. The reason for this is that under § 6323(a), notice for liens on real property does not occur "until" notice of the tax assessment is actually filed in the place prescribed by the law of the state where the property is located—i.e., recorded in the county in which the property is located. 26 U.S.C. §§ 6323(f)(1)(A)(I) & 6323(f)(2)(A); O.R.C. § 2329.02. Thus, § 6323 operates in derogation of the common law rule of "first in time is first in right" and adopts what is known as a "race-notice" approach; that is, for a party without constructive notice of an encumbrance, the time of the filing of the notice of lien is the dispositive factor in terms of priority of interest.[6]

In this particular situation, of course, despite arising on December 18, 2000, the IRS did not actually record notice of its $50,656.10 tax lien until April 5, 2001, well after the date of January 29, 2001, on which Mr. LaRocca recorded, and thus perfected, his lien interest in the Debtor's property. As such, Mr. LaRocca's judgment lien is, pursuant to § 6323, entitled to priority over all of the tax liens held by the IRS. This, in turn, means that Mr. LaRocca's judgment lien retains its equity cushion, and thus cannot be considered "impaired" within the meaning of § 522(f)(2).[7]

In summary then, the tax liens held by the IRS against "Berning Sutton & Associates Inc." do not provide constructive notice as to the existence of a tax lien against the Debtor's personal assets. Additionally, even if the liens of the IRS did encumber the Debtor's personal assets, such liens do not take priority over the judgment lien held by Mr. LaRocca. It therefore follows that Mr. LaRocca's judgment lien, being superior to any tax liens held by the IRS, does not "impair" the Debtor's exemption within the meaning of

---

6. There also exists what is known as the "pure race" approach, where priority is strictly based upon the first to record; constructive notice of an existing, but unrecorded encumbrance is therefore irrelevant.

7. It should be noted that the liens held by the IRS may not be avoided under § 522(f)(1) as this type of lien does not constitute a "judicial lien" within the meaning of the statute. *In re Knapp,* 285 B.R. 176, 182 (Bankr.M.D.N.C. 2002).

§ 522(f)(2) and, as such, is not subject to avoidance.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection of Henry LaRocca to the Motion of the Debtor, Robert Sutton, to Avoid Lien, be, and is hereby, SUSTAINED.