Gerard T. TRACEY, Jr., and Rhonda
L. Tracey, Debtors.

Gerard T. Tracey, Jr., and Rhonda
L. Tracey, Appellants,

v.

United States of America, Internal
Revenue Service, Appellee.

BAP No. 08–011.
Bankruptcy No. 07–10417–MWV.

United States Bankruptcy Appellate Panel
for the First Circuit.

Oct. 2, 2008.

Krista E. Atwater, Esq., on brief for Appellants.

Wendy J. Kisch, Esq., on brief for Appellee.

Before VOTOLATO, HAINES and TESTER, United States Bankruptcy Appellate Panel Judges.

VOTOLATO, Bankruptcy Judge.

The Debtors appeal from an order of the United States Bankruptcy Court for the District of New Hampshire overruling their objection to the secured claim of the Internal Revenue Service (the "IRS"). At issue is whether the IRS properly filed its Notice of Federal Tax Lien (the "Notice"), and thereby established its status as a secured creditor. For the reasons discussed below, we **AFFIRM.**

## BACKGROUND

In March 2007, the Debtors filed a joint Chapter 13 case. The IRS filed a secured proof of claim in the amount of $57,014 to which the Debtors filed a timely objection, on the ground that the IRS had not perfected its lien. The Debtors argued before the Bankruptcy Court that the IRS did not have a secured claim in their personal property because a notice of its tax lien was not filed in the town where they lived, citing N.H.Rev.Stat. Ann. § 454–B:2, and requested that the claim be deemed unsecured and dischargeable upon completion of their Chapter 13 plan. The IRS responded that its claim was indeed secured as to the Debtors' personal property based on its Notice of Federal Tax Lien ("Notice") filed with the Clerk's Office for the Town of Sunapee. The Notice was filed and the claim was assigned a recording number by the Clerk, but the actual Notice does not appear in the Sunapee Town Clerk's UCC/lien file, which in this case consists of a cardboard box.

In overruling the Debtors' objection to IRS' claim, the Bankruptcy Court issued an order that provided in part:

Under section 6323, the filing of the notice in the proper location itself, gives rise to a valid secured claim even when the notice is not indexed. *See Hanafy v. United States,* 991 F.Supp. 794 (N.D.Tex.1998); *Adams v. United States,* 420 F.Supp. 27 (S.D.N.Y.1976). In 2002, the proper filing location for a notice of a federal tax lien on personal property was the town clerk's office where the Debtors resided.

In 2002, the Debtors resided in the town of Sunapee and thus, the Sunapee Clerk's Office was the proper filing place. It is undisputed that according to the IRS' electronic records, the Sunapee Town Clerk received a copy of the Notice of January 28, 2002 and assigned a filing number. It is also undisputed that the Sunapee Town Clerk's personal computer reflects the same information. Thus, the IRS properly filed the Notice, and the filing of the Notice itself gave rise to a valid secured lien notwithstanding the Clerk's Office failure to index it.

The Debtors filed a "Motion to Alter or Amend Order Overruling Debtors' Objection to IRS' Secured Claim" ("Motion to Alter"), arguing that the evidence did not support the Bankruptcy Court's findings regarding the filing of the Notice, and that the Bankruptcy Court erred as a matter of law in concluding that the IRS was a secured creditor. The Debtors cited to various cases which involved conflicting claims of creditors, including the IRS.

In denying the Motion to Alter, the Bankruptcy Court concluded that under 26 U.S.C. § 6323, *filed* means *filed* based upon the plain meaning of the statute, and ruled that the IRS met its burden to es-

tablish the fact that the Notice had been filed.

## THE ARGUMENTS ON APPEAL

The Debtors argue here that the Bankruptcy Court erred in finding that the IRS had properly filed the Notice with the Clerk, emphasizing that the term *filed* cannot be synonymous with the words *delivered, recorded, perfected,* or *secured,* and that because it is a duty of the Clerk to enter the Notice in the town's UCC/lien file in alphabetical order, the Bankruptcy Court's ruling rendered 26 U.S.C. § 6323 and the Clerk's state imposed duties a nullity.

## JURISDICTION

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,'" *id.* at 646 (citations omitted), while an interlocutory order "'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.,* 758 F.2d 794, 801 (1st Cir.1985)). "An order determining the validity or priority of a claim is a final order." *Delgado v. Sanchez Ramos (In re Delgado),* 360 B.R. 406, 408 (1st Cir. BAP 2006); *see also Perry v. First Citizens Fed. Credit Union (In re Perry),* 391 F.3d 282, 285 (1st Cir.2004); *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir. 1983). Finally, a bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits, even where the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co., Inc. (In re George E. Bumpus, Jr. Constr. Co.),* 226 B.R. 724 (1st Cir. BAP 1998).

## STANDARD OF REVIEW

■ Bankruptcy appellate panels reviewing appeals generally apply a "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20 n. 8 (1st Cir.1994). In applying the clearly erroneous standard, the Panel considers whether the Bankruptcy Court's "account of the evidence is plausible in light of the record viewed in its entirety, and the [Panel] may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Dovydenas v. The Bible Speaks (In re The Bible Speaks),* 869 F.2d 628, 630 (1st Cir.1989). Additionally, when there are mixed questions of fact and law, i.e., where legal conclusions must be drawn from factual findings, the standard of review is "clear error unless the bankruptcy court's analysis was based on a mistaken view of the legal principles involved." *Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.),* 534 F.3d 76, 82 n. 2 (1st Cir.2008) (citing *Gannett v. Carp (In re Carp),* 340 F.3d 15, 22 (1st Cir.2003)).

## DISCUSSION

■ Section 502 of the Bankruptcy Code provides that a proof of claim filed

under § 501 is allowed in the absence of objection, and Fed. R. Bankr.P. 3001(f) states that a properly executed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." An objection does not overcome this presumption unless it has substantial merit. *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.),* 993 F.2d 915, 925 (1st Cir.1993). "It is often said that the objector must produce evidence[1] equal in force to the prima facie case." *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir.1992). If the objection contains such evidence, the claimant "is required to come forward with evidence to support its claims ... and bears the burden of proving its claims by a preponderance of the evidence." *In re Organogenesis, Inc.,* 316 B.R. 574, 583 (Bankr.D.Mass.2004). Generally, a preponderance of the evidence is that evidence which is of greater weight or more convincing. *Hale v. Dep't of Transp., Fed. Aviation Admin.,* 772 F.2d 882–85 (Fed.Cir.1985).

The IRS submitted its claim on Official Form 10 and attached two documents in support of the secured portion of its Claim. The Debtors argue that the IRS failed to establish that it is a secured creditor, because of *address errors* in the Notice, and because the Notice did not comply with applicable state law. The IRS provided affidavits that detail the steps it took in filing the claim, and submits that its procedures satisfy all statutory requirements.

The Bankruptcy Court did not frame its decision and findings in the prima facie context of an objection to claim. Rather, it ruled on the merits that the IRS properly filed the Notice based upon the IRS' electronic records, and the fact that the Town Clerk's computer records also acknowledge the filing. The Panel agrees, in light of the undisputed facts and the inferences

that can be reasonably inferred therefrom, that the Bankruptcy Court's conclusion that the IRS established its claim by a preponderance of the evidence is well supported in the record.

█ Therefore, the first legal issue this Panel must decide is whether the Bankruptcy Court's ruling with respect to *filing* was clearly erroneous. In their objection, the Debtors point to the addressing error and the fact that the Notice is not located in the UCC/lien file in the Town Clerk's office. The Bankruptcy Court was satisfied with the IRS' electronic records and the Town Clerk's affidavit that the claim was indeed filed via her computer. This latter information comes from an unimpeached sworn statement of the Clerk, which explained that because her "Excel spreadsheet shows that a notice of federal tax lien was filed against the Traceys, my office must have received the notice of federal tax lien on January 28, 2002."

█ The second legal question is whether *filing* the Notice, pursuant to 26 U.S.C. § 6323, created a secured claim. The United States is entitled to a lien on assets if the taxpayer is unable to pay after the United States makes a demand for payment, 26 U.S.C. § 6321, and such liens are effective as between the United States and the taxpayer. *Id.* For the lien to be perfected against certain third parties, such as judgment lien creditors, the United States must file a Notice of Federal Tax Lien. 26 U.S.C. § 6323; *see also Middlesex Sav. Bank v. Johnson,* 777 F.Supp. 1024, 1027 (D.Mass.1991). The Debtors do not dispute that the IRS obtained a lien on the Debtors' assets after the Debtors failed to pay the tax, 26 U.S.C. § 6321, but argue that in order for the lien to be valid *as against other credi-*

---

**1.** Evidence in this context may, and often     does, consist of affidavits.

*tors*, the IRS was required to file a Notice of Federal Tax Lien, and that under 26 U.S.C. § 6362(f)(A)(ii), the IRS also needed to file the Notice with the state office designated by local law. The applicable state statute at the time in question required that said Notice be filed in a city or town clerk's office. N.H.Rev.Stat. Ann. § 454–B:2.[2] The Debtors argue that the IRS' failure to record its Notice with the Sunapee Town Clerk violates 26 U.S.C. § 6323.[3] The IRS correctly points out that under 26 U.S.C. § 6323(a), a federal tax lien notice on personal property is valid upon proper filing, and that the Code requires no other action (such as ensuring that a notice of tax lien be indexed or placed in the town UCC/lien file). The IRS acknowledges that 26 U.S.C. § 6323(a) differs from an IRS lien on real property, which does require that certain steps, beyond mere filing, be taken. 26 U.S.C. § 6323(f)(4).

■■■■■ The creation, form and priority of federal tax liens are matters of federal law. *Rodriguez v. Escambron Dev. Corp.*, 740 F.2d 92, 96 (1st Cir.1984) ("A federal tax lien is wholly a creature of federal law ... the effects, priority, enforcement, and extinguishment of a tax lien are federal concerns."). 26 U.S.C. § 6323 provides that to obtain a lien on personal property superior to that of a third party, the IRS must file the Notice in the office designated by the state law. The statute further provides that " 'tax lien filing' means the filing of notice." 26 U.S.C. § 6323(h)(5).

When the language of a statute is plain and the resulting application would not be absurd, it must be enforced according to its terms. *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).[4]

■■■ The IRS argues here, as it did in the Bankruptcy Court, that the act of filing a Notice of Federal Tax Lien on personal property gives rise to a secured claim even if the claim is not thereafter indexed. *See Hanafy v. United States*, 991 F.Supp. 794 (S.D.Tex.1998), where the IRS filed two notices of federal tax liens, one for personal property and the other for real property. *Id.* at 796. The clerk scanned and indexed the former but not the latter. *Id.* Shortly thereafter, the taxpayers sold their house and the buyer paid the tax in order to avoid foreclosure. *Id.* The district court stated that the issue of law was "whether the mere filing, and thus recording, of a deed of real property with the county clerk is sufficient to constitute notice to purchasers under Texas law or whether ... Texas law requires indexing of a deed before it is valid ..." *Id.* at 797. The district court concluded that because under Texas law indexing does not validate a deed as against a purchaser without notice, 26 U.S.C. § 6323(f)(4) did not apply, that the IRS was not bound by Texas law, *id.* at 800, and that the notices were valid when they were filed. *Id.*

A clerk's failure to comply with *recording* and *indexing* requirements should

---

**2.** The state statute was later amended to require that federal tax lien notices be filed with the secretary of state.

**3.** The Debtors assert that *record* and *file* are not synonymous, notwithstanding that the cases they cite use the words interchangeably, and in the same context. *See, e.g., In re Sutton*, 302 B.R. 568, 574 (Bankr.N.D.Ohio 2003).

**4.** Because the statute is so clear, we merely note that the additional provisions of the statute requiring notices of liens on real property to be filed and indexed support our reading of the statute. *Field v. Mans*, 516 U.S. 59, 67, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) ("an express statutory requirement here, contrasted with statutory silence there, shows an intent to confine the requirement to the specified instance.").

not affect the validity of the instrument *filed,* nor should it prejudice the rights of the instrument holder. Once a party *files* its instrument and obtains its file marked copy to prove it was filed, it has done all it can do. The party is not to blame if the clerk is derelict in his or her duty to index.... The IRS achieved the requisite notice to validate its liens against the Property when it *filed* its notices of federal tax lien in the real and personal property records ...

*Id.* at 799 (emphasis added).

In *Adams v. United States,* 420 F.Supp. 27 (S.D.N.Y.1976), the plaintiffs sued the United States to enjoin the seizure of their home and to obtain a declaration that they held unencumbered title. *Id.* at 28. The county clerk failed to record several notices of tax liens on real property, although required to do so under New York law. Noting that the "sole issue presented is the priority between the interests of the parties where the County Clerk failed to record the Notices in the Index," *id.* at 29, the court first looked at the plain language of § 6323, which it wrote "cannot be ignored; Congress used the term 'filed' and not 'recorded.' " *Id.* The court went on to say that "the duties of indexing federal tax liens after they are presented and marked 'received' are imposed by the New York statute upon the County Clerk and are independent of the Code's requirements imposed upon the United States regarding the creation and perfection of the tax liens themselves." *Id.* at 30. After filing the lien and receiving acknowledgment of that act, "there was nothing further the United States could reasonably be expected to have done." *Id.*

In addition to being dispositive, *Adams* is instructive as it, too, relied upon the plain meaning of the statute, recognized that a clerk's locally mandated role with respect to what happens after *filing* does not place an additional burden on a federal filer. The case is also relevant here, given Congress' response to the ruling in *Adams,* i.e., the Tax Reform Act of 1976, partially as a result of *Adams,* included a provision that a notice of tax lien must be included in a public index maintained by the IRS. 5 Casey Fed. Tax Prac. § 14:43. In 1978, however, Congress repealed the requirement of a federal index, *id.* and "transferred the index from the [Federal] Service offices to the State and local offices, *and made the indexing requirement applicable only to real estate.* Personal property was excluded from the indexing requirement in order to conform the treatment of Federal tax liens on personal property with the perfection-by-filing approach taken under [Article 9]." *Id.*[5]

Conversely, the cases cited by the Debtors do not support their contention that the IRS needed to ensure compliance with a locally mandated recording act imposed upon a local official. *See, e.g., Mulligan v. United States (In re Mulligan),* 234 B.R. 229, 232 (Bankr.D.N.H.1999) (The IRS "obtained a perfected security interest upon all of the Plaintiff's property on June

---

**5.** To the extent that the statute with respect to personal property was designed to conform to Article 9, we note that under § 9–516 (formerly § 9–403(1)), "communication of a record to a filing office and tender of the filing fee or acceptance of the record by the filing office constitutes filing." Under the prior version, the drafters explained that "under Section 9–403(1), the secured party does not bear the risk that the filing officer will not properly perform his duties: under that section the secured party has complied with the filing requirements when he presents his financing statement for filing ..." § 9–407(1), Official Comment, 1; *see also North Texas Prod. Credit Ass'n v. McCurtain County Nat. Bank,* 222 F.3d 800, 807 (10th Cir.2000); *Luker v. United States (In re Masters),* 273 B.R. 773, 776 (Bankr.E.D.Ark.2002).

26, 1996, when it filed its Notice of Federal Tax Lien with the Chester Town Clerk and the Rockingham County Register of Deeds."); *Charter Fin., Inc. v. Aurora Graphics, Inc. (In re Jasper–O'Neil),* 149 N.H.87, 816 A.2d 989, 992 (2003) ("Thus, under the statute, the IRS' properly filed lien would have first priority unless Wells Fargo had attained the status of a judgment lien creditor before the IRS filed its lien.").

The Panel acknowledges that while there are not an abundance of cases with similar facts, those which are relevant say that 26 U.S.C. § 6323 unambiguously refers to *filing* as the operative act, and not local statutory duties to file *and record.* *See, e.g., United States v. Jones,* 260 B.R. 415 (E.D.Mich.2000) ("Once filed, the tax lien is perfected as a matter of law. Nothing more is required."); *Cameron v. United States (In re Scherbenske),* 71 B.R. 403 (Bankr.D.N.D.1987) ("It becomes perfected and secured upon the filing of a notice of lien in accordance with 26 U.S.C. § 6323(f)."); *In re Elliott,* 67 B.R. 866, 869 (Bankr.D.R.I.1986) ("The lien is then perfected unilaterally, when the IRS files its notice of lien under 26 U.S.C. § 6323(f)(1)(A)(ii).").

This is a clear case where the facts and the law unambiguously support the rulings of the Bankruptcy Court, and the arguments propounded by the IRS.

## CONCLUSION

Accordingly, the order overruling the Debtors' objection to the IRS' secured claim is **AFFIRMED.**